**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lathus,<br><br>        Plaintiff,<br><br>v.<br><br>Round Valley Justice Court, et al.,<br><br>        Defendants. | No. CV-24-08233-PCT-DWL<br><br>**ORDER** |

      On June 26, 2025, this action was reassigned to the undersigned judge. (Doc. 108.) On July 1, 2025, after having an opportunity to review the docket, the Court issued an order that effectively paused the proceedings until the Court could screen *pro se* Plaintiff's operative complaint, the Second Amended Complaint ("SAC"), as permitted under 28 U.S.C. § 1915(e). (Doc. 114.) In that same order, the Court clarified that "no Defendant named in the SAC need respond to the SAC at this time. The Court will issue a separate screening order regarding the SAC in due course." (*Id.* at 3.)

      On July 10, 2025, Plaintiff filed a pair of motions that, in essence, sought to hold Defendants in default for failing to respond. (Docs. 116, 117.) In a July 11, 2025 order, the Court denied those motions in light of the clarification in the July 1, 2025 order that no response from Defendants was required pending screening. (Doc. 118.)

      Plaintiff has now filed seven additional motions: two motions seeking the undersigned judge's recusal (Docs. 119, 120), a "motion to preserve evidence of judicial misconduct, favoritism, and potential conspiracy" (Doc. 121), a motion to "confirm entry

of default" and authorize the service of the SAC (Doc. 122), two motions for default judgment (Docs. 123, 125), and a "motion to issue order to show cause under Rule 16(f) for Defendants' failure to comply with mandatory scheduling order" (Doc. 124). Additionally, Plaintiff has filed a "Notice of Systematic Procedural Violations by Defendants and Failure to Enforce Mandatory Rules of Federal Civil Procedure" (Doc. 126) and a document entitled "Let the Record Show" (Doc. 127).

I.     Recusal Requests

In his first recusal request, Plaintiff seeks the undersigned's recusal under 28 U.S.C. § 455(a). (Doc. 119.) The sole basis for this request is Plaintiff's disagreement with the Court's rulings set forth in the July 1, 2025 and July 11, 2025 orders. (*Id.*)

This request is frivolous. Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* Courts, including the Ninth Circuit, have repeatedly held that a litigant's dissatisfaction with a judge's earlier rulings does not provide a basis for seeking recusal under § 455(a). *See, e.g., United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . .") (citation omitted); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. Studley's first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case. Thus, these grounds do not provide a basis for recusal."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.").

In his second recusal request, Plaintiff invokes both 28 U.S.C. § 455(a) and § 144. (Doc. 120.) Here, Plaintiff likens the Court's challenged rulings to "Nazi Germany" and contends that recusal is warranted because the undersigned "has consistently ruled in favor of government defendants in civil rights and constitutional litigation, as illustrated by" six cited cases. (*Id.* at 3.)

As an initial matter, to the extent Plaintiff seeks to invoke § 144, his motion is deficient because he has not provided the required affidavit. *Cf. Bunker v. McCormick*, 2025 WL 358979, \*3 (D. Ariz. 2025). At any rate, Plaintiff's materials also fail to "provide fair support for the contention that statutory bias exists." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). Cherry-picking six of the thousands of cases this Court has handled in the past, four of which were affirmed on appeal (and none of which was reversed on appeal), does not establish "a pattern of deference that is statistically and jurisprudentially overwhelming." (Doc. 120 at 3.)

II. Default-Related Requests

This Court has already explained that Defendants are not in default in light of the July 1, 2025's order clarification that Defendants need not respond until the Court has screened the SAC. (Doc. 118.) Thus, to the extent Plaintiff has renewed his request for entry of default against Defendants (Doc. 122), that request is once again denied. Additionally, because Defendants are not in default, Plaintiff's requests for issuance of a default judgment (Docs. 123, 125) are denied. *Phillips v. Comm'n on Character & Fitness*, 2020 WL 4003368, \*1 (D. Mont. 2020) ("[E]ntry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b). . . . Because Phillips has not obtained an entry of default, his motion for a Rule 55(b) default judgment is premature and should be denied.").

III. Other Motions And Filings

Plaintiff's remaining motions and filings do not require extended discussion. Plaintiff's "motion to preserve evidence of judicial misconduct, favoritism, and potential conspiracy" (Doc. 121) simply amounts to a rehash of the arguments raised in Plaintiff's other meritless motions and filings. Plaintiff's "motion to issue order to show cause under Rule 16(f) for Defendants' failure to comply with mandatory scheduling order" (Doc. 124) rests on the false premise, which the Court has repeatedly addressed elsewhere, that Defendants should be deemed in default. To the extent Plaintiff's "Notice of Systematic Procedural Violations" seeks any relief, such as "enter default against" Defendants or

"[r]eaffirm commitment to impartial enforcement of all procedural rules" (Doc. 126 at 7-8), those requests are duplicative of matters already addressed in Plaintiff's other motions. And Plaintiff's filing entitled "Let The Record Show" (Doc. 127) does not request any specific relief.

Before concluding, Plaintiff is also "advised that the filing of frivolous and legally unsupported motions is forbidden by the Local Rules of Practice and the Federal Rules of Civil Procedure. The Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court, and his frivolous filings slow the pace of [his] litigation. They also place him at risk of sanctions. At this early juncture, the Court will be lenient because Plaintiff is a *pro se* party. However, Plaintiff is advised that his status as *pro se* litigant does not give him a blank check to clutter the docket." *Christensen v. Findlay ARN, LLC*, 2025 WL 1666572, *1 (D. Nev. 2025).

Accordingly,

**IT IS ORDERED** that Plaintiff's motions (Docs. 119, 120, 121, 122, 123, 124, 125) are **denied**.

Dated this 16th day of July, 2025.

Dominic W. Lanza
United States District Judge

- 4 -